UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELLE L. DRIDI Power of Attorney for Father Dennis L. Fulner, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:20-cv-01770-TWP-MPB ) |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., | ) ) ) ) |
| Defendant. | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTION, DENYING PLAINTIFF'S MOTION TO REMAND AND MOTION FOR SUMMARY JUDGMENT AS MOOT**

This matter is before the Court on the Objection to the Magistrate Judge's Report and Recommendation filed by Plaintiff Michelle L. Dridi ("Dridi"), power of attorney for Father Dennis L. Fulner's ("Fulner"). For the reasons stated below the objection is overruled, the Report and Recommendation is Adopted and this action is **dismissed without prejudice**. In addition, the Plaintiff's Motion to Remand and Motion for Summary Judgment are **denied** as moot.

## I. LEGAL STANDARD

A district court may assign dispositive matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any findings of fact. 28 U.S.C. § 636(b)(1)(B) (2012); Fed. R. Civ. P. 72(b)(1). *See also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify" the findings and recommendations, and the

district court need not accept any portion as binding. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b)(3). *See also Schur*, 577 F.3d at 760-61.

After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those objections *de novo*, determining for itself whether the magistrate judge's decisions as to those issues are supported by substantial evidence or were the result of an error of law. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b)(3). *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The court may, however, defer to those conclusions to which timely objections have not been raised by a party. *Schur*, 577 F.3d at 760-61. Further, if a party fails to object to a magistrate judge's report and recommendation, or objects on some issues and not others, the party waives appellate review of the issues to which the party has not objected. *Johnson*, 170 F.3d at 739.

## II. DISCUSSION

This action began when the *pro se* Plaintiff Dennis Fulner, by his daughter and power of attorney, sued Defendant American Family Mutual Insurance Company, S.I. ("American Family"), in an Indiana state court over an insurance dispute involving coverage under Fulner's policy (*see* Filing No. 1-1 at 4–22). American Family then removed the case to this Court on diversity grounds (*see* Filing No. 1). On October 27, 2020, Magistrate Judge Matthew P. Brookman issued an Order to Show Cause requiring the Plaintiff "to find an attorney and have that attorney enter his or her appearance in this matter" by November 30, 2020, because Dridi, as Fulner's power of attorney, "has not established that she has standing to file on Mr. Fulner's behalf and proceed without counsel." (Filing No. 30 at 1.) The Magistrate Judge explained that the "holder of power of attorney

is not authorized to appear pro se on behalf of the grantor." *Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir. 2002). (Filing No. 30 at 1).

After Dridi failed to secure an attorney by the ordered deadline, the Magistrate Judge issued a Report and Recommendation that the Court dismiss the Complaint because "'[r]epresentative parties such as next friends may not conduct litigation pro se.'" (Filing No. 37 at 1, 3 (quoting Filing No. 30 at 1 (citing *Elustra v. Mineo*, 595 F.3d 699, 704–05 (7th Cir. 2010)).) On November 20, 2020, Fulner filed an Affidavit in which he stated that, " I need my daughter's help in this lawsuit"…My loss of hearing makes it hard for me to hear people in general (especially over the phone), my mind doesn't remember things like it used to…". (Filing No. 35 at 2). Thereafter, Dridi filed an Objection, arguing, among myriad things, that

> Dridi is not a "next friend" to Fulner, but rather is his "blood relative[,] a daughter" (and "A Blood Relative has more rights by the laws and by the rules of any court in our country and worldwide");
>
> Fulner and Dridi "want and have a right to represent ourselves, the Plaintiffs, as Pro Se/ Forma Pauperis in this court";
>
> a valid power of attorney "doesn't require the attorney in fact to be licensed like a lawyer"; and
>
> "[i]t would not be fair or right to dismiss this lawsuit just because I, Dennis L. Fulner, was unable to get a lawyer other than my blood daughter, Michelle L. Dridi P.O.A., who is my, Dennis L. Fulner, attorney in fact."

(Filing No. 38 at 2–8.)

But Dridi is mistaken. The Court will state it plainly and conclusively: A power of attorney does not permit Dridi to represent her father with his claims in this lawsuit. This is because representative parties (such as next friends, or powers of attorney) "may not conduct litigation *pro se;* pleadings may be brought before the court only by parties or their attorney. *Elustra* at 704. See 28 U.S.C. § 1654 (providing that "parties may plead and conduct their own cases personally or by counsel"); FED.R.CIV.P. 11(a) (requiring that every motion be signed by an attorney or a party

3

proceeding *pro se* ). See also *Lewis v. Lenc–Smith Mfg. Co.,* 784 F.2d 829, 830–31 (7th Cir.1986) (*per curiam* ).

Dridi is neither a party in this case nor an attorney. The Court would permit Fulner, if he were capable, to represent *himself* in this action. Or, hypothetically speaking, Dridi could represent herself if these were *her* claims. But being granted a power of attorney for another person does not render someone an *attorney-at-law* for that individual. *See JPMCC 2006-CIBC14 Eads Parkway, LLC v. DBL Axel, LLC*, 977 N.E.2d 354, 362 (Ind. Ct. App. 2012) (citing Black's Law Dictionary 124 (7th ed. 1999)) ("An attorney-in-fact is simply 'a legal agent,' whereas *an attorney-at-law is a lawyer.*") (emphasis added). In other words, "a power of attorney does not authorize its recipient to practice law, and [Dridi], as a non-lawyer, may not represent [Fulner] in the federal courts." *Johnson v. Bank One N.A.*, 90 Fed. Appx. 956, 957 (7th Cir. 2004) (citations omitted).

As for the Magistrate Judge's reference to Dridi as a "next friend," this is just a legal term used for anyone—literal friend or not—"who appears in a lawsuit to act for the benefit of" another. Black's Law Dictionary (2019). This, of course, can include "A Blood Relative" appearing in a lawsuit, including a daughter for a father. If Fulner needs assistance with his lawsuit, he must retain a lawyer and cannot rely on his daughter's help. The Magistrate Judge was correct in determining that this action must be **dismissed without prejudice**, for Plaintiff's failure to comply with this court's October 27, 2020 show cause entry.

### III.   CONCLUSION

For the reasons stated above, the Court **OVERRULES** the Plaintiff's Objection (Filing No. 38) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 37), **DISMISSING** the Complaint **without prejudice**[1] pursuant to Federal Rule of Civil Procedure

---

[1] A dismissal without prejudice confirms that the Court has not ruled on the merits of Fulner's claims and if he is unable to represent himself, an attorney at law may initiate a new action on his behalf.

41(b). Because this case is dismissed, the Court **DENIES** Plaintiff's earlier-filed Motion to Remand (Filing No. 7) and Motion for Summary Judgment (Filing No. 20) as moot. These motions must be filed by Fulner, *pro se,* or by his attorney-at-law.

    **SO ORDERED.**

Date: 1/15/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHELLE L. DRIDI
3742 Bradford Drive
Holiday, FL 34691

Robert Scott O'Dell
O'DELL & ASSOCIATES, P.C.
rodell@odell-lawfirm.com